UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AVENTURA TECHNOLOGIES, INC.,

Plaintiff,

-against-

DEPARTMENT OF THE ARMY
CRIMINAL INVESTIGATION DIVISION,

Defendant.
----------------------------------------------------------X

Civ. No.

**COMPLAINT**

Plaintiff Aventura Technologies, Inc. ("Aventura"), by and through its attorney, as and for its complaint, alleges:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., for declaratory, injunctive, and other appropriate relief. Aventura seeks to compel defendant Department of the Army Criminal Investigation Division ("DACID") to search for and disclose records responsive to requests properly made by Aventura pursuant to FOIA.

2. As discussed below, DACID wrongfully withheld responsive records based on FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), without showing how any harm or interference with law enforcement proceedings could result from disclosing the records. DACID also failed to conduct an adequate search for responsive records and to conduct any review to determine whether any non-exempt portion of a responsive record can be reasonably segregated from the exempt portion and released.

**PARTIES**

3. Plaintiff Aventura is a corporation formed under Delaware law on whose behalf the FOIA request at issue was submitted.

4. Defendant DACID is a federal government agency within the meaning of FOIA that has possession, custody, and/or control of the records that Aventura seeks.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) based on Aventura's principal place of business.

7. Aventura has exhausted all administrative remedies with regard to the FOIA request at issue.

## FACTS

8. DACID participated in the investigation of an alleged conspiracy involving Aventura and others to, among other things, misrepresent the country of origin of security cameras and other security equipment sold to U.S. government agencies and private sector customers.

9. The investigation led to the indictment of Aventura and various individuals who allegedly participated in the conspiracy, in the case entitled United States v. Cabasso, et al., U.S. Dist. Ct., E.D.N.Y., Case No. 19-CR-582 (JMA)(ARL).

10. The United States Military Academy at West Point ("West Point") is an educational and training institution under the Department of the Army. It was identified as a purported victim of the conspiracy and is seeking restitution for an alleged loss of $188,000.01. An addendum issued by the U.S. Probation Office identified Special Agent Claude Manigat ("SA Manigat") of DACID as the contact person for West Point in connection with West Point's purported victim status and alleged loss.

11. On February 23, 2026, Aventura submitted, through Gene Rosen's Law Firm, a FOIA request to DACID ("Aventura Request"). (A true and correct copy of the Aventura Request is attached hereto as Exhibit A).

12. The Aventura Request seeks "all communications and associated attachments between [DACID] (including SA Manigat)" and the U.S. Attorney's Office for the Eastern District of New York ("USAO-EDNY") and/or the U.S. Probation Office:

(a) "requesting, discussing, confirming, disputing, or transmitting any West Point 'victim' designation, victim list entry, or related description";

(b) "reflecting any West Point-related loss, 'victim loss,' restitution figure, gain proxy, estimate, or calculation—together with any spreadsheets/worksheets, summaries, or source documents referenced or transmitted";

(c) "describing how any West Point-related amount was derived (data sources, assumptions, caveats, inability to verify, reliance on third-party data, or the use of proxies)"; and

(d) "transmitting or discussing West Point-related 'victim loss information' to Probation, including transmittal emails and attachments."

(Exh. A, Aventura Request at 2-3).

13. In addition, the Aventura Request seeks "[n]otes, memoranda, call logs, calendar invites, or internal [DACID] routing/approval records reflecting communications with USAO-EDNY or Probation on the topics above." (Id. at 3).

14. At a minimum, DACID was required to produce "records sufficient to show (i) the date and method by which any West Point-related loss figure was provided to USAO-EDNY

or Probation; (ii) the document title/filename of any spreadsheet transmitted; and (iii) the sender/recipient chain." (Id. at 3).

15. On March 23, 2026, the Chief of DACID's FOIA/PA Division issued a letter denying the Aventura Request in its entirety. The letter contained a conclusory, boilerplate assertion that the request was denied "pursuant to Title 5, USC, Section 552, Exemption (b)(7)(A), (b)(7)(E), (b)(6) and (b)(7)(C) of the Freedom of Information Act." No explanation was given as to how or why the cited FOIA exemptions were applicable to the Aventura Request. DACID did not claim in the letter that the disclosure of the requested records could result in any harm or interference with law enforcement proceedings. (Letter from the Chief of DACID's FOIA/PA Division dated March 23, 2026, at 1. A true and correct copy of this letter is attached hereto as Exhibit B).

16. Aventura timely filed an administrative appeal from the FOIA/PA Division Chief's decision denying the Aventura Request.

17. The administrative appeal was denied by letter dated May 11, 2026. DACID denied the appeal based on conclusory, boilerplate statements that the requested records are exempt from disclosure under FOIA Exemption 7(A ), 5 U.S.C. § 552(b)(7)(A):

> Given the presence of an active investigation, the release of the requested files could have interfered with effective law enforcement proceedings and were appropriately withheld. Moreover, releasing the information would have harmed an interest protected by these exemptions. As a result, [DACID] properly withheld the requested information.

(Letter from the Assistant to the General Counsel of DACID dated May 11, 2026, at 1. A true and correct copy of this letter is attached hereto as Exhibit C).

18. No explanation was given as to how disclosure of the requested records could have interfered with law enforcement proceedings or how any harm would have resulted from the disclosure of the records.

19. DACID simply used Exemption 7(A) to justify a blanket withholding of all responsive records without making any showing that disclosure of the records would result in any harm or interference with law enforcement proceedings. Among other things, DACID failed to identify generic categories of responsive documents that it is withholding; failed to conduct a document-by-document review in order to assign each document to its proper category; and failed to provide any explanation as to how the release of each category of documents "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

20. It appears that DACID failed to conduct an adequate search for responsive records and did not review any responsive records before denying the Aventura Request.

21. Aventura has exhausted all its administrative remedies.

## COUNT ONE
**Violation Of FOIA For Failure To Make Records Available**

22. Aventura repeats, realleges and incorporates the allegations in the preceding paragraphs as though fully set forth herein.

23. DACID is subject to FOIA and therefore must, in response to a FOIA request, release any records in its possession responsive to the request and provide a lawful reason for withholding any records as to which it is claiming an exemption.

24. DACID's failure to make the records requested by Aventura available violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the agency's implementing regulations.

25. DACID's blanket withholding of responsive records violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the agency's implementing regulations.

26. Exemption 7(A) does not permit blanket withholding of records responsive to a FOIA request.

27. DACID failed to make a showing of any harm or interference with law enforcement proceedings that could result from the disclosure of the records requested by Aventura.

28. DACID has no lawful basis for categorically declining to release the records requested by Aventura.

29. Accordingly, Aventura is entitled to an order compelling DACID to produce records responsive to the Aventura Request.

**COUNT TWO**
**Violation Of FOIA For Failure To**
**Conduct An Adequate Search For Records**

30. Aventura repeats, realleges and incorporates the allegations in the preceding paragraphs as though fully set forth herein.

31. DACID denied the Aventura Request in its entirety without conducting an adequate search for responsive records.

32. DACID's failure to conduct an adequate search for responsive records using reasonable efforts violates FOIA, 5 U.S.C. § 552(a)(3)(C), and the agency's implementing regulations.

**<u>COUNT THREE</u>**
**Violation Of FOIA For Failure To Show That Any Harm Could Result From Releasing The Requested Records**

33. Aventura repeats, realleges and incorporates the allegations in the preceding paragraphs as though fully set forth herein.

34. DACID relied on Exemption 7(A) to justify a blanket withholding of all responsive records without making any showing that harm or interference with law enforcement proceedings could result from the disclosure of the records.

35. Among other things, DACID failed to identify generic categories of responsive documents that it is withholding; failed to conduct a document-by-document review in order to assign each document to its proper category; and failed to provide any explanation as to how the release of each category of documents "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

36. DACID's blanket withholding of responsive records under Exemption 7(A) without demonstrating any reasonably foreseeable interference with enforcement proceedings violates FOIA, 5 U.S.C. § 552(b)(7)(A), and the agency's implementing regulations.

**<u>COUNT FOUR</u>**
**Violation Of FOIA For Failure To Conduct Segregability Review And Release Segregable Information**

37. Aventura repeats, realleges and incorporates the allegations in the preceding paragraphs as though fully set forth herein.

38. DACID denied the Aventura Request in its entirety without conducting any review to determine whether any non-exempt portion of a record can be reasonably segregated from the exempt portion and released.

39. DACID's failure to conduct any segregability review and release any reasonably segregable non-exempt information violates FOIA, 5 U.S.C. § 552(b)(7), and the applicable implementing regulations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Aventura respectfully prays that this Court:

A. Expedite consideration of this Complaint pursuant to 28 U.S.C. §1657;

B. Declare that the records sought by Aventura are public under 5 U.S.C. §552 and must be disclosed;

C. Order DACID to conduct an adequate search for the requested records and to report to the Court, within a time set by the Court, the custodians searched, the systems queried, and the general scope of responsive records identified;

D. Declare that DACID failed to demonstrate any reasonably foreseeable interference with enforcement proceedings to justify withholding the requested records pursuant to FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A);

E. Order DACID to conduct a segregability review to determine whether any non-exempt portion of a record can be reasonably segregated from the exempt portion;

F. Order DACID to produce full and unredacted copies of all non-exempt records and/or any reasonably segregable non-exempt portions of the records;

G. Award Aventura the costs of this proceeding, including reasonable attorneys' fees; and

H. Grant such other and further relief as the Court deems just and proper.

**REQUEST FOR EXPEDITED CASE MANAGEMENT**
**AND STATUS CONFERENCE**

Aventura respectfully requests that the Court schedule an initial status conference at the Court's convenience and direct the parties to confer regarding a schedule for the search, processing, and rolling production of responsive records. Early case management may allow the parties to resolve issues regarding the scope of the Aventura Request and the application of Exemption 7(A) before the parties incur the expense of summary judgment briefing.

Dated: Westchester County, New York
June 5, 2026

/s/ Bryan Ha

BRYAN HA
Attorney At Law
455 Tarrytown Road, #1244
White Plains, New York 10607
Tel: 914-512-5930
Fax: 212-981-6800

Attorney for Plaintiff
Aventura Technologies, Inc.